UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BEN WEITSMAN & SON OF SCRANTON, LLC, BEN WEITSMAN & SON, INC., UPSTATE SHREDDING, LLC, and UPSTATE SHREDDING DISC, INC.,

*Plaintiffs,*

-vs-

HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE,

*Defendants.*

**CONFIDENTIALITY STIPULATION AND ORDER**

Case No.: 3:16-cv-00780-GTS-DEP

## CONFIDENTIALITY STIPULATION AND ORDER

It appearing that discovery in the above-captioned action may involve the disclosure of confidential information, the parties hereby stipulate that the Court may enter the following Order:

1. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Confidentiality Stipulation and Order any information, document, or thing, or portion or copy of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, tax, sales, legal or other confidential business information, or (b) that contains private or confidential personal information, or (c) the disclosure of which could adversely affect the prosecution of defense of the underlying action at issue in the instant action, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively referred to hereinafter as "Confidential Information").

1

2. The producing party may designate particular documents or portions thereof as Confidential Information by stamping on each page of the document or portion thereof to be so designated with the phrase "Confidential." If a party inadvertently fails to designate confidential documents as "Confidential" prior to producing them, they may subsequently designate them as such by advising the other party of the bates number of such document(s), whereupon such documents shall be accorded the confidentiality imposed by this Confidentiality Stipulation and Order. When so designated, the documents shall be used only for the purposes described in this Confidentiality Stipulation and Order.

3. Confidential Information may be disclosed by the undersigned counsel receiving such materials, only as is necessary in counsel's good faith judgment, to (a) counsel of record in this court proceeding, attorneys employed by or associated with counsel, and their paralegals and clerical assistants; (b) in-house counsel, officers, directors, managers, leaders, employees, agents and affiliates of the parties; (c) witnesses in this lawsuit, including deponents and persons testifying at trial in this matter; (d) court reporters or stenographers engaged to record testimony in this action; (e) independent experts or consulting firms and their staffs used to assist counsel to prepare for trial; (f) a party's reinsurers and their retrocessionaires, auditors, counsel, management, prospective investors, and/or financial underwriters; (g) the Court, its staff, or mediators in this legal proceeding; and (h) as may be required by law or order of a court of competent jurisdiction or in accordance with the written consent of all the parties. The undersigned counsel shall be responsible for making such persons aware of the governing restrictions on their usage and disclosure of Confidential Information pursuant to this Confidentiality Stipulation and Order, except as to (g) above.

4. Nothing in this Confidentiality Stipulation and Order shall preclude a disclosure of information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the production of such information in this action, or participated in the creation, compilation or production of such information.

5. In the event that any party desires that the Confidential Information be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Stipulation and Order, the party wishing to disclose, communicate, discuss, or make available the Confidential Information must submit to counsel for the designating party a written notice specifically identifying the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure. Counsel for the designating party shall have 7 days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for the designating party does not respond in writing to the written notice of disclosure within 7 days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Stipulation and Order, shall be entitled to receive the Confidential Information. If any counsel for the designating party responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions, the party seeking to prevent the disclosure shall file a motion or letter with the Court within 7 days of its objection to the disclosure request, served on counsel for all other parties, setting forth the basis for seeking to prevent such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

6. A copy of this Confidentiality Stipulation and Order shall be provided to each person within category 3(e) to whom disclosure of Confidential Information will be made. The

provisions of this Confidentiality Stipulation and Order shall be binding upon each such person to whom disclosure is made.

7. Secondary documents, including but not limited to, notes, memoranda, and analyses, that are prepared from any materials described herein that contain the Confidential Information shall be treated in the same fashion as the underlying materials, provided that the secondary documents are designated as "Confidential" as described in paragraph 2.

8. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the filing party shall provide all parties with five (5) days written notice of the intent to file such Confidential Information so that all parties can determine whether to file a motion to seal. If no parties file a motion to seal within five days of receiving written notice of the intent to file with the Court or the parties otherwise agree, the filing party may file the Confidential Information with the Court. The failure of a party to file a motion to seal within five (5) days shall not bar that party from subsequently seeking to seal or otherwise protect the Confidential Information by any means provided by applicable law.

9. This Confidentiality Stipulation and Order shall not be construed in any way to prevent a party from applying to the Court for relief from any provision herein in respect to any Confidential Information, or from asserting that certain Confidential Information should not be subject to any protection, should be governed by a confidentiality order different from that contained herein, or that certain information is so highly proprietary or confidential that it should not be subject to discovery. In addition, the inadvertent production of the Confidential Information by either party or by a third party to any party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product

protection that might exist with respect to such document or other documents or communication, written or oral, including with limitation, other communications referred to in the documents or information produced.

10. Nothing in this Confidentiality Stipulation and Order shall preclude a party from offering the Confidential Information into evidence at a trial or arbitration of this action.

11. This Confidentiality Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

Dated: February, 16, 2017

_____
Anthony J. Piazza, Esq.
**BARCLAY DAMON, LLP**
*Attorneys for Plaintiffs*
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
(585) 295-4400

Dated: February, 17, 2017

_____
Michael S. Komar, Esq.
**MENZ BONNER KOMAR & KOENIGSBERG LLP**
*Attorneys for Defendants*
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
(914) 949-0222

SO ORDERED:

_____
Hon. David E. Peebles
U.S. Magistrate Judge

Dated: February 17, 2017
Syracuse, New York